IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GUY CLAYTON BARNES                                                                          PLAINTIFF

v.                                    Civil No. 12-2116

SERGEANT NAPHIER, Fort Smith Police
Department; CHIEF KEVIN D. LINDSEY;
DETECTIVE ERIC FAIRLESS                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Guy Clayton Barnes (Barnes), proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC), Randall L. Williams Correctional Facility located in Pine Bluff, Arkansas. The claims at issue in this case stem from Plaintiff's arrest on December 7, 2009, by Detective Greg Napier (Napier).

Defendants have filed a motion for summary judgment (Doc. 21). Plaintiff filed his response (Doc. 26). The motion is ready for decision.

### 1. Background

On October 20, 2009, Napier observed Barnes deliver Lorcet[1] to a police confidential informant (CI). *Affidavit of Greg Napier* at ¶ 3. On October 22nd and 27th, Napier observed Barnes deliver cocaine to a CI. *Id.* at ¶¶ 4-5; *see also* Ex. 1 *Napier Aff.*

---

[1] Lorcet is a brand name for a drug containing acetaminophen and hydrocodone. Hydrocodone is used to relieve moderate to severe pain. http://www.nlm.nih.gov/medlineplus/druginfo/drug_La.html (accessed August 12, 2013).

Parole Officer Frank Dyke (Dyke) supervised Barnes. *Affidavit of Frank Dyke* at ¶ 1. Barnes cancelled his November meeting because he had to be in court. *Id.* The meeting was rescheduled for December 1st. *Id.* Barnes failed to report on that day but reported in on December 7th. *Id.*

Dyke had been informed that Barnes was observed delivering controlled substances and was going to be arrested. *Dyke Aff.* at ¶ 2. If a parolee is going to be arrested, Dyke prefers, for safety reasons, that the arrest takes place in the parole office. *Id.* Dyke recommended that Barnes' parole be revoked in view of the new law violations. *Ex. 2 to Dyke Aff.*

On December 7th, Napier, based on his observations of the deliveries of Lorcet and cocaine, contacted Parole Officer Frank Dyke (Dyke) and asked that Barnes be detained long enough to allow the police to arrive and arrest Barnes. *Napier Aff.* at ¶ 6. Dyke complied. *Dyke Aff.* at ¶ 3. Napier arrived at the parole office and arrested Barnes on the three drug charges. *Id.* at ¶ 1. No warrant had been issued.

Detective Eric Fairless was on duty that evening but does not recall if he was with Napier at the time of arrest. *Affidavit of Fairless* at ¶ 1. Napier does not recall what officer may have been with him and his incident report does not list the name of any other officer. *Napier Aff.* at ¶ 1; *Ex. 1 to Napier Aff.*

After Barnes was arrested, he was transported to the Sebastian County Adult Detention Center (SCADC). After Barnes was read his rights, Barnes told Napier that he began selling "crack cocaine" shortly after he was paroled from prison for a prior drug conviction. *Napier Aff.* at ¶ 7. On February 24, 2010, Barnes plead guilty/nolo contendere and was convicted of the three drug charges. *Ex. 2 to Napier Aff.*

Both the Fort Smith Police Department's policy and Rule 4.1(a)(i) of the Arkansas Rules of Criminal Procedure authorize law enforcement officer to arrest a person if he has reasonable cause to believe that such person has committed a felony. *Affidavit of Kevin D. Lindsey* at ¶ 4. On February 24, 2010, Barnes appeared in Sebastian County Circuit Court, Fort Smith District and entered a plea of guilty/nolo contendere to the offenses of delivery of Lorcet and delivery of cocaine (two counts). Barnes did not appeal these convictions.

Barnes filed a habeas petition in state court. *Ex. 2 to Napier Aff.* The petition was denied by the circuit court and an appeal to the Supreme Court of Arkansas was found to be without merit. *Id.*

**2. Applicable Standard**

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is

insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Discussion

Defendants maintain the arrest was lawful both under the constitution and the applicable policies and statutory law. They assert that Napier's observation of Barnes delivering drugs on three separate occasions constitutes probable/reasonable cause. They maintain any false arrest claim is precluded by the conviction which has not been reversed or otherwise set aside. Further, they maintain Napier is entitled to qualified immunity. Finally, with respect to Chief Lindsey and Fairless, they contend there is no indication at all of their involvement in the arrest.

In opposition, Barnes maintains the arrest was not based on probable cause. Even if there was probable cause for the initial detention, he maintains there was no probable cause for the lengthily detention. In this regard, he states the prosecutor did not charge him with the drug violations until December 8th. Similarly, he asserts that the affidavit of probable cause was signed by Circuit Judge Michael Fitzhugh on 8:50 a.m. on December 8th. *Doc. 26* at pg. 6.

Defendants are entitled to summary judgment in their favor. First "[t]he Fourth Amendment guarantees the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *United States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011)(quoting U.S. Const. amend IV). "A warrantees arrest is reasonable under the Fourth Amendment where it is supported by probable cause. Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Bernini v. City of St. Paul*, 665 F.3d 997, 1003 (8th Cir. 2012)(citation omitted).


The Fourth Amendment requires a prompt judicial determination of probable cause following a warrantees arrest. *See Gerstein v. Pugh*, 420 U.S. 103, 126 (1975). The probable cause determination may be made without a personal appearance by the arrestee. *See e.g., Jones v. City of Santa Monica*, 382 F.3d 1052, 1055-56 (9th Cir. 2004). The probable cause determination serves to judicially approve an arrest without a warrant and in essence places the arrest on the same footing (*i.e., based on probable cause*) as an arrest made pursuant to a warrant. *See Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 815 n.10 (8th Cir. 1994).

In this case, there was an ongoing investigation utilizing a CI, Napier personally witnessed Barnes sell drugs to the CI. Probable cause existed to arrest Barnes on felony charges. Barnes was booked in at 12:02 p.m. *Plaintiff's Exhibit* 5. A judicial determination was made that probable cause existed, by Plaintiff's admission, at 8:50 a.m. on December 8th. At this point, his arrest was on the same footing as an arrest made with a warrant.

Second, even if we assume probable cause did not exist, Napier is entitled to qualified immunity. "[A]n officer is entitled to qualified immunity if there is at least arguable probable cause. . . . Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is 'objectively reasonable.'" *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011). Napier is entitled to qualified immunity. He was working with a CI, personally witnessed the transactions, and had controlled all aspects of the buys.

Third, to the extent the complaint could be construed to assert a wrongful conviction claim, Plaintiff's claims are not presently cognizable. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Plaintiff's conviction has not been reversed, set aside, or otherwise held to be invalid.

Fourth, the "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).  The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*  Furthermore, Plaintiff was convicted of the criminal charges not vindicated of them.

Fifth, there is absolutely no basis of liability on Linsey's or Fairless' parts.  There is no indication either was personally involved in any aspect of this case.

Finally, Plaintiff may not seek relief in the form of the reversal of his conviction in a civil rights case under § 1983.  Section 1983 cannot be utilized to challenge the fact or duration of confinement.  *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

### 4. Conclusion

For the reasons stated, I recommend that the motion for summary judgment (Doc. 21) be granted and the case dismissed.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 13th day of August 2013.

                                      /s/ *J. Marschewski*
                                      HON. JAMES R. MARSCHEWSKI
                                      CHIEF UNITED STATES MAGISTRATE JUDGE