IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GUY CLAYTON BARNES
(ADC#093209)                                                                              PLAINTIFF

       V.                              Civil No. 2:12-cv-02116

SERGEANT NAPHIER (Fort Smith Police Dept.),
CHIEF KEVIN D. LINDSEY, and
DETECTIVE ERIC FAIRLESS                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Guy Clayton Barnes, filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff's Post-Appeal Motion for "Dismissal of Complaint to Allow for Refiling." Doc. 41. After thorough consideration, the undersigned issues the following Report and Recommendation.

**1.  BACKGROUND**

Plaintiff's case was dismissed with prejudice on September 5, 2013. Doc. 29. Plaintiff filed a Notice of Appeal to the Eighth Circuit on October 4, 2013. Doc 30. On January 13, 2015, the Court of Appeals revoked Plaintiff's IFP status pursuant to the "three-strikes" rule. Plaintiff was directed to pay the full filing fee within fourteen days or the appeal would be dismissed. Doc. 39. On January 30, 2015, Plaintiff's case was dismissed for failure to prosecute. Doc. 40.

**2.     DISCUSSION**

I am unable to discern with certainty what Plaintiff is actually requesting. However, to the extent that several possibilities may be surmised, none of them may be granted.

Plaintiff's motion could be interpreted as requesting a voluntary dismissal. However, Plaintiff's original case with this Court was already dismissed, with prejudice, therefore any request to dismiss it is moot. *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (A federal court has no authority to issue opinions on moot questions of law).

Plaintiff's motion could be interpreted as requesting to reopen his case with this Court. However, he has not provided any grounds which would support reopening pursuant to FRCP 60.

Plaintiff's motion could be interpreted as requesting the rescission of the appellate filing fee. However, Plaintiff did not pay a filing fee, as he had been granted IFP status up until it was rescinded by the Court of Appeals, and his Appeal was dismissed specifically because he failed to pay the fee. Further, any request regarding the Appeal must be filed with the Eighth Circuit.

**3.     CONCLUSION**

Accordingly, I recommend Plaintiff's Motion be **DENIED**.

**Plaintiff has fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of April, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE